NO. 07-02-0052-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 28, 2002



______________________________



BETTY ANN NEWBY, 


 

 Appellant


v.



TISDALE SIDING, INC.



 Appellee

_________________________________



FROM THE COUNTY COURT OF HUTCHINSON COUNTY;



NO. 5681; HON. JACK WORSHAM, JUDGE


_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant Betty Ann Newby, proceeding pro se, filed a notice of appeal from the trial
court's judgment dated October 7, 2001. Both the clerk's record and reporter's record have
been filed. Appellant's brief was originally due March 4, 2002, which date came and went
without a brief or extension being filed. The Court notified appellant on March 14, 2002, 

that the brief was past due and that failure to reasonably explain the reasons therefor could
result in dismissal. On March 15, 2002, a motion for extension of time to file the brief was
filed and appellant was granted an extension until March 29, 2002. So too was she
admonished that no further extensions would be granted without extreme and unusual
circumstances. The March 29, 2002 deadline passed without appellant filing either a brief
or a further motion to extend the deadline. The Court then dismissed the cause for want
of prosecution on April 4, 2002. This resulted in the appellant filing a motion for rehearing
wherein Newby contended that she was denied notice of the court's intent to dismiss if the
brief was not filed. Concluding that such notice was not afforded her, the Court granted
the motion for rehearing and reinstated the cause. However, it ordered appellant to file her
brief no later than ten days from the order dated May 9, 2002 and notified her that the
failure to comply would result in dismissal of the cause. Ten days passed without appellant
filing either a brief or a further motion to extend the deadline. 

 Accordingly, we dismiss the appeal for want of prosecution. See Tex. R. App. P.
38.8(a)(1) and 42.3(b) and (c).


 Per Curiam

 


Do not publish.



ated into the record.

 2. Counsel for relator shall promptly file with the Clerk of this Court the reporter's
record as soon as it is completed and a certified copy of any order signed by the trial court
containing its rulings upon real party's Motion to Show Cause and for Contempt, and in the
Alternative, for Sanctions. 

 3. Counsel for real party is requested to file a response to the petition for writ of
mandamus on or before July 29, 2002.

 4. Except as expressly provided above, nothing herein shall operate to stay any 
other pretrial orders or discovery matters, or such action as the parties may agree pending
hearing on the petition for writ of mandamus.

 IT IS SO ORDERED. 

 Per Curiam

Do not publish.